UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD EVALOBO and PRISCILLA SANTOS CORTEZ,<br><br>Plaintiffs,<br><br>v.<br><br>ALDRIDGE PITE, LLP; REBECCA P. KERN, ESQUIRE; and U.S. BANK, N.A.,<br><br>Defendants. | Case No. 2:16-cv-00539-APG-VCF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 9) |

Plaintiffs Richard Evalobo and Priscilla Santos Cortez bring this suit requesting injunctive relief and damages against defendant U.S. Bank, N.A. and the lawyers who represented U.S. Bank in the foreclosure sale of their home. The plaintiffs claim the foreclosure was unlawful because the defendants relied on a forged Deed of Trust and they failed to produce the original promissory note before foreclosing. The defendants respond that this case is barred under res judicata due to prior cases brought by Cortez. Alternatively, the defendants contend that each of the plaintiffs' causes of action fails to state a claim on the merits.

Res judicata does not apply because the defendants have not established that a previous action based on the same claims reached a final judgment on the merits. However, each of the plaintiffs' causes of action fails as a matter of law. I therefore grant the defendants' motion to dismiss, with leave to amend some claims.

## I.  BACKGROUND

In January 2006, the plaintiffs purchased real property located at 1020 Zurich Avenue, Henderson, Nevada. ECF No. 9 at 22–28. To finance the purchase, the plaintiffs obtained a loan of $405,150 from Alliance Bancorp, evidenced by a promissory note that was secured by a Deed

of Trust (DOT) recorded against the property.[1] *Id.* at 30–55. Mortgage Electronic Registration Systems, Inc. (MERS) was the designated beneficiary under the DOT. *See id.* at 30. On August 1, 2011, Evalobo quitclaimed his interest in the property to Cortez. ECF No. 9-1 at 2–3. Later that year, MERS assigned the DOT to Aurora Bank, FSB, who in turn assigned it to Nationstar Mortgage LLC in 2012. *Id.* at 5–9.

In 2014, Nationstar recorded a Notice of Default and Election to Sell to commence non-judicial foreclosure proceedings. *Id.* at 11–17. A Certificate of Foreclosure was recorded on March 12, 2015 and a Notice of Trustee's Sale was recorded on April 3, 2015. *Id.* at 19, 21–23. A final assignment of the DOT from Nationstar to U.S. Bank was executed on April 23, 2015. *Id.* at 25–26. The property was sold at public auction on April 24, 2015 and a Trustee's Deed Upon Sale vesting title in U.S. Bank was recorded on May 5, 2015. *Id.* at 28–31.

Prior to and during the foreclosure, Cortez filed four lawsuits attacking the foreclosure proceedings and seeking to invalidate the DOT. Her first lawsuit, filed on August 21, 2012 in Nevada state court, was dismissed for lack of service. *Id.* at 33–58. Her second lawsuit, a small claims suit filed in Henderson Justice Court, alleged Nationstar had violated California law, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act. *Id.* at 4. The parties elected to proceed to mediation, and the court dismissed the complaint with prejudice at Cortez's direction. *Id.* at 6–7. Cortez initiated her third and fourth lawsuits against Nationstar and other defendants in Nevada state court. *See Cortez v. Merscorp Holdings, Inc.*, No. 2:14-CV-01048-GMN-NJK, ECF No. 1-2 at 5 (D. Nev. June 27, 2014); *Cortez v. Nationstar Mortgage, LLC, et al.*, 2:15-cv-01085-GMN-NJK, ECF No. 1-1 at 2 (D. Nev. June 8, 2015). Those cases were removed to the District of Nevada and consolidated into a single case in 2015. *See Cortez v. Merscorp Holdings, Inc.*, No. 2:14-CV-01048-GMN-NJK, ECF No. 26 (D. Nev. Jul. 21, 2015). The Court dismissed that case with prejudice for failure to effectuate service. *Id.*, ECF No. 47 (D. Nev. Dec. 4, 2015). The present case is Cortez's (at least) fifth attempt to avoid foreclosure.

---

[1] The plaintiffs dispute the legitimacy of the DOT presented by the defendants in this case.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Res Judicata

The defendants argue that the present suit is barred by res judicata, also known as claim preclusion, asserting that Cortez brought at least two prior lawsuits against parties in privity with the defendants that concerned the same claims and reached a final adjudication on the merits. The plaintiffs respond that they are raising new claims that could not have been raised in the earlier lawsuits.

Claim preclusion prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). It applies when there is "1) an identity of claims; 2) a final judgment on the merits; and 3) identity or privity between parties." *Id.* Each prong must be satisfied for the prior case to have preclusive effect. On the first prong, there is an identity of claims where two lawsuits arise from "the same transactional nucleus of facts." *Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2011). On the second prong, Federal Rule of Civil Procedure 41(b) states that "[u]nless the dismissal order states otherwise," an involuntary dismissal, "except one for lack of jurisdiction, improper venue, or failure to join a party, . . . operates as an adjudication on the merits." The Supreme Court has interpreted the jurisdictional exception broadly. *Costello v. United States*, 365 U.S. 265, 286 (1961) ("We

regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim."). The Ninth Circuit recently held that where the district court's dismissal was at least in part for failure to effectuate service, the Rule 41(b) exception applied and the later suit was not precluded. *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quoting with approval the Second Circuit's statement that "[a] dismissal for failure of service of process, of course, has no res judicata effect").

The defendants first seek to establish claim preclusion from the 2012 lawsuit Cortez filed in Henderson small claims court. The defendants provide only a docket summary, however, which does not contain enough information to show that there is an identity of claims. The docket identifies the plaintiff as Cortez, the defendant as Nationstar, and that Cortez brought claims regarding the property located at 1020 Zurich Ave. But it does not mention either the promissory note or the DOT, nor does it give any detail as to the nature of the complaint.

The other case the defendants put forward for its preclusive effect is *Cortez v. Merscorp Holdings, Inc.*, No. 2:14-CV-01048-GMN-NJK, 2015 WL 1201292 (D. Nev. Mar. 16, 2015). There, the district court initially denied the defendants' motion to dismiss for improper service, instead giving Cortez an additional thirty days to comply. When she failed to do so, the court dismissed the suit with prejudice. *Id.*, ECF No. 47 (D. Nev. Dec. 4, 2015).

The district court's dismissal order could be interpreted as a dismissal either for improper service under Rule 4(m) or for failure to prosecute under Rule 41(b). As explained above, a Rule 4(m) dismissal is jurisdictional and thus does not have res judicata effects. A "failure to prosecute" dismissal, by contrast, is not jurisdictional and is considered an adjudication on the merits. *See, e.g., Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1278 (9th Cir. 1980). Courts assessing the res judicata effect of a prior judgment must apply Rule 41(b) to make their own determination of its preclusive effect. The prior court's use of the language "with prejudice" is not conclusive. *See, e.g., Charchenko v. City of Stillwater*, 47 F.3d 981, 985 (8th Cir. 1995); *Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567, 572 (5th Cir. 1996). I construe this as

a Rule 4(m) dismissal because the stated reason for dismissal was that the "[p]laintiff has failed to demonstrate that she has properly effectuated service on Defendants . . . ." *Cortez v. Merscorp Holdings, Inc.*, No. 2:14-CV-01048-GMN-NJK, ECF No. 47 at 1 (D. Nev. Dec. 4, 2015). Additionally, the order that preceded the dismissal cited Rule 4(m), which provides that if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*, ECF No. 44 at 3 (D. Nev. Oct. 28, 2015). The court chose the latter. *Id.* Conversely, neither the moving defendant nor the court cited Rule 41(b), nor did the court describe the dismissal as one for failure to prosecute. A dismissal for improper service does not have claim preclusive effect. *Ruiz*, 824 F.3d at 1164.

Because the defendants have not established that all three required elements for claim preclusion have been met in any of the prior cases brought by Cortez, this suit is not barred by claim preclusion. I therefore evaluate whether the plaintiffs have stated a claim for relief.

**B. Mail Fraud**

The plaintiffs claim that by forging the DOT, the defendants violated 18 U.S.C. § 1341, the federal mail fraud statute. The statute states that a violator "shall be fined under this title or imprisoned not more than 20 years, or both" and contains no private right of action. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178–79 (6th Cir. 1979). The defendants correctly argue that because this criminal statute lacks a private cause of action for civil damages, dismissal is appropriate. Moreover, the plaintiffs do not respond to this contention so dismissal is appropriate under Local Rule 7-2(d). I therefore dismiss this cause of action with prejudice.

**C. Common Law Fraud**

The plaintiffs claim that the DOT being foreclosed upon is forged. The defendants argue that this is a fraud claim and that the complaint does not meet the heightened pleading standards of Rule 9(b) because it fails to plausibly specify why the DOT is fraudulent.

Litigants alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The pleading "must state precisely the time, place, and nature

of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). In other words, the allegations must state "the who, what, where, when, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (internal citations omitted).

The Clark County Recorder's Office records show a DOT on the subject property with an instrument number of 200601170003647, and identify the parties to that instrument as the plaintiffs and Alliance Bancorp.[2] In a 2012 lawsuit regarding the same promissory note and DOT at issue here, Cortez described applying for and receiving a loan to finance the property, secured by a DOT:

> On or about January 5, 2006, Plaintiff signed the Promissory Note ("NOTE") naming ALLIANCE as the Lender . . . . The terms stated on the face of the actual NOTE were $405,150.00 for 360 months . . . . The NOTE was secured with a first Deed of Trust, ("DEED"), dated January 5, 2006, recorded January 17, 2006, under Instrument No. 20060117-0003647. Defendant ALLIANCE is the Lender on the DEED . . . .

ECF No. 9-1 at 38–39. While that lawsuit complained that the loans' terms were unfair, Cortez did not dispute that she executed the loan documents. In a later lawsuit, Cortez again stated she "obtained the property through deed of trust" and that "[a] representative copy of this Deed of Trust [is] attached and incorporated by reference to this Complaint . . . ." Complaint at 6–7, *Cortez v. Merscorp Holdings, Inc.*, No. 2:14-CV-01048-GMN-NJK, 2015 WL 1201292, at *1 (D. Nev. Mar. 16, 2015). The DOT Cortez attached to that complaint contains the plaintiffs' signatures and appears otherwise identical to the DOT now offered by the defendants, which the plaintiffs allege is a forgery.

---

[2] Clark County Recorder's Office, Records Search System, https://recorder.co.clark.nv.us/recorderecommerce/. I may take judicial notice of "matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri–Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Records of real property transactions are "official public records." *See Ormsby v. First Am. Title Co. of Nev.*, 591 F.3d 1199, 1203 (9th Cir. 2010).

Given Cortez's prior admissions, it is not plausible for the plaintiffs to argue that they did not enter into the loan or DOT.  It is likewise insufficiently specific for the plaintiffs to nakedly say that the DOT offered by the defendants—which matches the instrument number and loan amount that the plaintiffs previously admitted to—is a wholesale forgery.  The plaintiffs must plausibly and with particularity specify in what way the DOT offered by the defendants has been altered from the DOT Cortez admitted to entering into in prior litigation.  I therefore dismiss this cause of action with leave to amend.

### D. Breach of Contract

The plaintiffs argue that the defendants breached their obligations in the DOT in three ways.  First, they point to a paragraph in the DOT that reads, "'Note' means the promissory note signed by the Borrower and dated January 5, 2006." ECF No. 9 at 30.  They argue this "makes it clear that only the original promissory note is required." ECF No. 5 at 18.  In other words, they contend that the defendants could not foreclose pursuant to the DOT without producing the original promissory note.  However, the cited language is a definition and does not oblige the defendants to do anything.  No other provision in the DOT requires the defendants to produce the original promissory note before foreclosing.

The second theory for breach of contract is that the DOT is forged.  This does not state a claim for breach of contract.  Rather it is a restatement of the fraud claim discussed in the previous section.

The third theory is that the defendants breached the DOT provision stating that "the borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property . . . ." ECF No. 9 at 32.  The plaintiffs do not explain how the defendants have breached this provision.  The provision is the borrower's promise to the lender that the borrower has lawful title to the property without encumbrances.  In other words, it creates no obligation on the lender's part.

None of the three theories states a plausible claim for breach of contract, and none could be satisfactorily amended to do so.  I therefore dismiss this cause of action with prejudice.  If the

plaintiffs have sufficient facts to properly allege a breach of contract claim, they may file an amended complaint containing that claim.

### E. Lack of Promissory Note

The plaintiffs argue that various provisions of the Uniform Commercial Code require the defendants to "allow[] for an inspection to determine the authenticity or genuineness of the alleged notes the defendants are using in attempting to foreclose . . . ." ECF No. 5 at 21. The defendants respond that this "show me the note" theory has been rejected in Nevada. The plaintiffs do not refute this characterization of their claim, nor do they address the defendants' legal argument. I therefore grant the defendants' motion to dismiss this claim as unopposed. *See* Local Rule 7-2(d). Moreover, the defendants "do not need to produce the note to the property in order to proceed with a non-judicial foreclosure." *Juntilla v. RESI Home Loans IV. LLC*, 2013 WL 1819636, *1 (D. Nev. 2013) (citing NRS § 107.080). I therefore dismiss this cause of action with prejudice.

### F. "Void the Cognovit Note"

The plaintiffs include a claim for relief asking the court to "void the cognovit note." ECF No. 5 at 22. I construe the claim as a request to void the promissory note based on the defendants' failure to produce it upon foreclosure. This restates the "show me the note" theory discussed above. I therefore dismiss this cause of action with prejudice.

### G. Securitization's Effect on the Note

The plaintiffs include a paragraph in their demand for relief stating that "[o]nce the Promissory Note has been securitized, by law it no longer exists as a negotiable instrument . . . ." *Id.* at 24. The plaintiffs do not include this as a separate cause of action, but to the extent it is a request to void the promissory note, this theory has been rejected in Nevada. *See, e.g., Reyes v. GMAC Mortg. LLC*, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) ("[T]he securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust."). Furthermore, the plaintiffs consented to securitization in section 20 of the DOT which reads, "The Note or a partial interest in the Note (together with this Security Instrument) can be sold

8

one or more times without prior notice to Borrower . . . ." I therefore dismiss this allegation with prejudice.

### H. FDCPA

The plaintiffs allege the defendants violated the Fair Debt Collection Practices Act (FDCPA) while conducting the non-judicial foreclosure on the property. The substance of the alleged violation is that the DOT was a fraud, so attempts to collect a debt using it violated various provisions of the FDCPA. The defendants respond that foreclosure is not debt collection within the FDCPA's meaning.

The Ninth Circuit recently held that "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016). The trustee that foreclosed on the property here was Quality Loan Service Corporation, who is not a party in this case. Quality included a statement at the bottom of its notice of default and notice of sale reading, "Quality may be considered a debt collector attempting to collect a debt and any information obtained will be used for this purpose." ECF No. 9-1 at 12, 22, 30. This statement, however, does not convert the non-judicial foreclosure into an attempt to collect a debt under the FDCPA. *Ho*, 840 F.3d at 621.

I therefore dismiss the plaintiffs' FDCPA claim. However, I will grant leave to amend because it is not clear whether there may be other communications from the defendants that pertained to attempts to collect a debt outside the foreclosure process. Such communications could be the basis for an FDCPA claim. To the extent such a claim is based on the contention that the DOT is a fraud, it must be pleaded with more specific and plausible allegations as described above.[3]

---

[3] In their opposition to the motion to dismiss, the plaintiffs argue that the FDCPA was violated because the beneficiary of the foreclosure sale is not the original lender. These allegations are not in the complaint and therefore cannot be considered to save the complaint from dismissal. Further, because this is a variant of the securitization theory rejected above, I deny leave to amend to add it.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 9) is GRANTED**. The plaintiffs are granted leave to amend the complaint to cure the defects in their common law fraud, contract, and FDCPA claims if sufficient facts exist. The other causes of action are dismissed with prejudice. The plaintiffs must file the amended complaint within 21 days of entry of this order.

DATED this 20th day of December, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE